IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN L. PATILLO,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | **No. 08-CV-656** |
| **TROY LEVI, WARDEN, et al.,** | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                                                    March 6, 2008
U.S. MAGISTRATE JUDGE

    Petitioner Edwin L. Patillo, a prisoner at the Federal Detention Center in Philadelphia awaiting sentencing, filed this pro se motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, I respectfully recommend this matter be transferred to the United States District Court for the District of New Jersey, where Patillo awaits sentencing pending resolution of his appeal.

## FACTUAL AND PROCEDURAL HISTORY

    On May 11, 2007, Patillo was convicted by a jury on drug-related charges. See Jury Verdict, United States v. Patillo, No. 06-611 (D. N.J. May 11, 2007). He awaits sentencing before the Honorable Robert B. Kugler following the disposition of his appeal to the United States Court of Appeals for the Third Circuit. See Order, United States v. Patillo, No. 06-611 (D. N.J. Jan. 11, 2008). The appeal was filed with the Third Circuit on October 22, 2007, and is still pending. See Third Circuit Docket, United States v. Patillo, No. 07-4143 (3d Cir. Oct. 26, 2007).

    Patillo filed his motion for a writ of habeas corpus on February 8, 2008, alleging: (1) illegal detention because he would not have been convicted if "fabricated and manufactured

photograph evidence" did not exist; and (2) the United States lacked jurisdiction over the "New Jersey criminal matter."  See Motion at 4, Patillo v. Levi, No. 08-656 (E.D. Pa. Feb. 8, 2008). He filed an amended motion on February 19, 2008, which appears to allege the same.  See Amended Motion, Patillo, No. 08-656 (E.D. Pa. Feb. 19, 2008)

## DISCUSSION

A petition under § 2241 is limited to challenges to the execution of a sentence, rather than its validity.  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Riccio v. Levi, 2007 WL 4376053, at *1 n.1 (E.D. Pa. Dec. 5, 2007) (Stengel, J.).  Thus, when a petitioner is challenging events subsequent to his sentence, § 2241 provides the appropriate remedy.  Ricco, 2007 WL 4376053, at *1 n.1.  When, however, a petitioner challenges "events at or before sentencing" affecting the validity of his conviction, "he must file a petition pursuant to § 2255, after exhausting other remedies such as direct appeals."  Riccio, 2007 WL 4376053, at *1 n.1; see Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).  Patillo's § 2241 petition contests events occurring before his sentencing, i.e., he challenges jurisdiction and the use of a "fabricated and manufactured photograph" as evidence.  A § 2241 petition is, therefore, not the appropriate avenue for relief, and Patillo's legal recourse to raise such claims is a § 2255 petition.

Moreover, Patillo's case is before the United States Court for the District of New Jersey, and his conviction involved alleged criminal acts in the state of New Jersey.  The United States District Court for the District of New Jersey is the appropriate forum for his challenge.  See Order, Outterbridge v. Motley, No. 04-4703 (E.D. Pa. Nov. 1, 2004) (Joyner, J.).  Nevertheless, it appears the filing of a "§ 2255 would be premature while [Patillo's] appeal is pending." Outterbridge v. Motley, 2005 WL 1541057, at *3 (D. N.J. June 30, 3005); United States v. Ford,

215 Fed. Appx. 167, 168 (3d Cir. 2007) (although not jurisdictionally barred from considering the § 2255 motion, the District Court properly refrained from adjudicating the § 2255 motion until disposition of the direct appeal). The petition likely would be "dismissed without prejudice to the timely filing of a motion under § 2255 after his conviction has become final following appeal," unless the remedy would be inadequate or ineffective. <u>Outterbridge</u>, 2005 WL 1541057, at *2-3.

  Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 6th day of March, 2008, it is respectfully recommended the motion for a writ of habeas corpus be TRANSFERRED to the United States District Court for the District of New Jersey. It is further recommended that there is no probable cause to issue a certificate of appealability.[1] The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ TIMOTHY R. RICE
TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

---

[1] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.