NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| EDWIN L. PATILLO,                  | : | **Hon. Noel L. Hillman**     |
|                                    | : |                              |
|                  Petitioner,       | : | Civil No. 08-5109 (NLH)      |
|                                    | : |                              |
|              v.                    | : | **O P I N I O N**            |
|                                    | : |                              |
| TROY LEVI,                         | : |                              |
|                                    | : |                              |
|                  Respondents.      | : |                              |
|                                    | : |                              |

APPEARANCES:

    EDWIN L. PATILLO, #41226-050
    USP Canaan
    P.O. Box 300
    Waymart, Pennsylvania 18472
    Petitioner Pro Se

**HILLMAN, District Judge**

    Edwin L. Patillo filed this action as a Petition and an

Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. §

2241 in the United States District Court for the Eastern District

of Pennsylvania seeking release from the Federal Detention

Facility in Philadelphia, where he was incarcerated at the time.

See Patillo v. Levi, Civil No. 08-0656 (JCJ) (E.D.Pa. filed Feb.

11, 2008).  United States District Judge J. Curtis Joyner

transferred the case to this Court, and the Clerk received the

papers on October 17, 2008.  For the reasons set forth below, and

because Petitioner's direct appeal from the judgment of

conviction is pending before the United States Court of Appeals,

this Court will dismiss the matter without prejudice to the
filing of a motion pursuant to 28 U.S.C. § 2255 after the
conviction becomes final.

## I.    BACKGROUND

The Petition and Amended Petition challenge Petitioner's
judgment of conviction, which was filed in this Court on May 14,
2008, in United States v. Patillo, Crim. No. 06-0611 (RBK)
(D.N.J. filed Aug. 9, 2006).  Patillo raises essentially two
grounds: (1) evidence discovered after entry of the jury verdict
on May 11, 2007 (but before entry of the judgment of conviction)
shows that police officers fabricated evidence admitted at the
trial; and (2) the United States lacked jurisdiction to prosecute
Patillo.  The record in the criminal case shows, however, that
Patillo presented the same arguments to Judge Kugler in a motion
for a new trial, filed November 30, 2007, and that Judge Kugler
denied the motion on August 14, 2008, prior to imposing the
sentence.  The record further shows that Patillo's direct appeal
is pending before the United States Court of Appeals for the
Third Circuit, and that briefs have not yet been filed.  See
United States v. Patillo, C.A. No. 08-3473 (3d Cir. docketed Aug.
18, 2008).

## II.    STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading
requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).

Habeas Rule 2(b) requires a § 2255 motion to "specify all the grounds for relief available to the moving party," "state the facts supporting each ground," and "state the relief requested." 28 U.S.C. § 2255 Rule 2(b).

Habeas Rule 4 requires a judge to <u>sua</u> <u>sponte</u> dismiss the motion without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U.S.C. § 2255 Rule 4(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland</u>, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>McFarland</u>, 512 U.S. at 856; <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case

3

involved in the appeal."  Venen v. Sweet, 758 F. 2d 117, 120 (3d

Cir. 1985 (citations omitted).  As the Venen court explained,

this rule "has the salutary purpose of preventing the confusion

and inefficiency which would of necessity result were two courts

to be considering the same issue or issues simultaneously."  Id.

at 121.  In the context of a collateral attack upon a federal

conviction, courts have concluded that "there is no

*jurisdictional* bar to a district court's adjudication of a § 2255

motion while the movant's direct appeal is pending, but that such

actions are disfavored as a matter of judicial economy and

concern that the results on direct appeal may make the district

court's efforts a nullity."  United States v. Banks, 269 Fed.

App'x 152, 153 (3d Cir. 2008); see also United States v. Prows,

448 F. 3d 1223, 1228-29 (10th Cir. 2006); Womack v. United

States, 395 F. 2d 630, 631 (D.C. Cir. 1968).

    In the case at bar, Patillo's pro se pleadings, like his

counseled direct appeal, challenge his conviction and sentence.

Accordingly, adjudication of the direct appeal may render moot

the issues raised in these pro se filings.  Under these

circumstances, this Court declines to entertain Patillo's

challenge to his conviction and sentence, and will dismiss this

matter, without prejudice to the filing of a § 2255 motion after

the conviction becomes final.  See Banks, 269 Fed. App'x at 153;

United States v. Ford, 215 Fed. App'x 167 (3d Cir. 2007).  In

addition, this Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition/motion is correct.

### IV.   CONCLUSION

For the reasons set forth above, the Court dismisses the Petition without prejudice to the filing of a § 2255 motion after the conviction becomes final and denies a certificate of appealability.


s/Noel L. Hillman
**NOEL L. HILLMAN, U.S.D.J.**

Dated:     April 23   , 2009


At Camden, New Jersey